UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In the matter of:<br>**Tobin W Northgraves**<br><br>Debtor(s) | ) IN PROCEEDING UNDER CHAPTER 13<br>)<br>)<br>) CASE NO.: **12-32284**<br>) DATE: **February 26, 2013** |

# FIRST AMENDED CHAPTER 13 PLAN

1. The debtor(s) submits all or such portion of his, her, or their future income to the control of the Trustee as is necessary for the execution of the plan. The debtor(s) or debtor's employer shall pay to the Trustee the sum of **$511.23** each month for **36** months.

a. Adequate Protection Payments: In the event this plan proposes to pay the balance of a loan secured by the debtor's personal property; then prior to the confirmation of this plan, the debtor must make monthly adequate protection payments directly to the creditor holding the secured claim. Said payments may be deducted from the payment to be made to the Trustee. Upon confirmation said adequate protection payments shall cease and the entire monthly plan payment shall be paid to the Trustee for distribution pursuant to this plan.
If applicable the post-petition, pre-confirmation adequate protection payment shall be _____, each month, paid to _____.

b. Domestic Support Obligation: The debtor shall pay current domestic support obligations, as defined in 11 U.S.C. §101(14A), outside of the plan as directed by any and all applicable state and/or federal court orders.

2. From the payments so received, the Trustee shall make disbursements as follows:

a. PRIORITY CLAIMS: All claims entitled to priority under 11 U.S.C. §507 as well as 11 U.S.C. 1305 shall be paid as required by 11 U.S.C. §1322(a)(2) and (a)(4).

Taxes of     **-NONE-** due to _____ + _____
Other        **-NONE-** due to _____ + _____

b. SECURED CLAIMS: Pro rata with the above payments, payments to secured creditors whose claims are duly proved and allowed, together with interest, if applicable, as hereinafter set forth:

Mortgage Arrearage of     **-NONE-** due to _____ + _____
Other                     **-NONE-** due to _____ + _____
Auto Loan Arrearage       **-NONE-** due to _____ + _____
Auto Loan                 **-NONE-** less adequate protection payments of _____
                          due to _____ + _____

The following secured claims have either been deemed unsecured pursuant to bankruptcy court order dated ____ pursuant to 11 U.S.C. §506(a) or §522(f), or will be deemed unsecured pursuant to 11 U.S.C. §522(f) after motion, notice, hearing, and further order of the court as follows:

Lien Holder                                Total Claim    Secured Portion    Unsecured Portion
**-NONE-**

The debtor(s) shall continue to pay current mortgage payments, current real estate taxes, and current automobile loan payments outside of the plan directly to the creditors.

c. GENERAL UNSECURED CLAIMS: Pro rata with payments to secured creditors, dividends to general unsecured creditors whose claims are duly proved and allowed as follows:

General unsecured claims, (including the foregoing secured claims which are being treated as unsecured claims by virtue of 11 U.S.C. §506(a) or §522(f)), shall be paid not less than __100__ %. If the debtor's estate is found to be solvent general unsecured claims, which are not tax claims, shall be paid 100% plus interest per annum at the federal judgment rate existing on the date this plan is confirmed and general unsecured claims which are tax claims, shall be paid 100% plus interest at the rate said claim would receive pursuant to applicable non-bankruptcy law.

No dividend shall be paid on the unsecured portion of any claim where the rights of the holder of such claim may not be modified pursuant to the provisions of 11 U.S.C. 1322(b)(2). The total of all general unsecured claims is __$12,567.56__.

3. The following executory contracts of the debtor(s) are rejected:

   Other Party                Description of Contract\Lease
   **-NONE-**

4. Other terms of the plan:

5. In no event shall the amount to be distributed to each creditor under the plan be less than the value (as of the effective date of the plan) of the property upon which such creditor had an enforceable lien, plus the amount, if any, that would be paid such claim if the estate of the debtor were to be liquidated under Chapter 7 of Title 11 of the United States Code.

6. With respect to each allowed secured claim:

a. The holder of such claim retain the lien securing such claim until the earlier of: (1) the payment of the underlying debt determined under non-bankruptcy law; or (2) discharge under Section 1328; and

b. If the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law; and

c. The value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim and in no event shall the amount to be distributed to each creditor under the plan be less than the value (as of the effective date of the plan) of the property upon which such creditor has an enforceable lien.

7. Payments to the Trustee shall be made in installments conforming to the debtor's payment periods over a period of __36__ months in such amounts as may be required to provide for the payment of all costs of administration, the payment in full of all claims entitled to priority as defined in 11 U.S.C. 507, the present value of all allowed secured claims, and payments to unsecured creditors as hereinbefore provided. The debtor's total plan payments to the Trustee shall be not less than __$18,404.28__.

8. Title to the debtor's property shall re-vest in the debtor(s) after the dismissal of the case or the closing of the case upon the approval by the Court of the Trustee's final report and account. However no property received by the Trustee for the purpose of distribution under the plan shall revest in the debtor except to the extent that such property is in excess of the amount needed to pay all allowed claims as provided in the plan.

9. The amount of the debtor's attorney's fees already paid outside the plan is __$0.00__. The balance of the debtor's attorney's fees in the amount of __$3,250.00__ shall be paid __inside__ of the plan.

10. Questions regarding this plan should be directed to the attorney for the debtor(s).

**/s/ Tobin W Northgraves**
**Tobin W Northgraves**
Debtor

Date:  **February 26, 2013**

**/s/ William E. Carter**
**William E. Carter ~428453**
**428453**
**Law Office of William E. Carter, LLC**
**1224 Mill Street - Bldg. B**
**East Berlin, CT 06023**
**203-630-1070**